# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **In re** | |
| **POSIGEN, PBC** *et al.* [1] | Chapter 11<br>Case No. 25-90787 (CML) |
| **Debtor.** | |
| ---------------------------------------------------------x | |
| **ALEX RUPERTO and TANISHA SMITH** on behalf of themselves and all others similarly situated, | **Adversary Proceeding No.:**<br><br>**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |
| **Plaintiffs,** | |
| v. | |
| **POSIGEN, PBC; POSIGEN, LLC; POSIGEN OPERATIONS, LLC;  POSIGEN DEVELOPER, LLC; POSIGEN PROVIDER, LLC;  POSIGEN HOLDINGS, LLC; POSIGEN RAMPART HOLDCO, LLC; POSIGEN RAMPART, LLC; POSIGEN OWNER 2, LLC AND  POSIGEN OWNER 3, LLC** | |
| **Defendants**. | |

---------------------------------------------------------------------

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Alex Ruperto and Tanisha Smith ("Plaintiffs") by and through undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their complaint against: PosiGen, PBC; PosiGen, LLC; PosiGen Operations, LLC;  PosiGen Developer, LLC; PosiGen

---

[1] The last four digits of PosiGen, PBC's tax identification number are 9706. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/PosiGen. The Debtors' service address in these chapter 11 cases is 1000 Elmwood Park Boulevard, Suite A, Harahan, LA 70123.

Provider, LLC; PosiGen Holdings, LLC; PosiGen Rampart Holdco, LLC; PosiGen Rampart, LLC; PosiGen Owner 2, LLC and PosiGen Owner 3, LLC ("Defendants"), allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiffs and other Similarly Situated Employees of the Defendants, as a single employer, of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act"). Although the Plaintiffs were nominally employed by Defendant, Posigen Developer, LLC, pursuant to the WARN Act's single employer rule, PosiGen, PBC; PosiGen, LLC; PosiGen Operations, LLC; PosiGen Provider, LLC; PosiGen Holdings, LLC; PosiGen Rampart Holdco, LLC; PosiGen Rampart, LLC; PosiGen Owner 2, LLC and PosiGen Owner 3, LLC were also the Plaintiffs' and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about August 24, 2025 and thereafter. The Defendants violated the WARN Act by failing to give the Plaintiffs and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

4. Plaintiffs also bring this action against Defendants on behalf of themselves and the other similarly situated former employees seeking pay for accrued but unused vacation time and commission pay.

**PARTIES**

5. Upon information and belief, at all relevant times, Defendants' principal place of business was in Texas.

6. Upon information and belief, at all relevant times, Defendants maintained facilities located in Plymouth Meeting, PA; St. Rose, LA; Baton Rouge, LA; Bridgeport, CT; Danbury, CT; Hartford, CT; Ewing, NJ; Livingston, NJ; Ludlow, MA; Lowell, MA and Warwick, RI as well as other facilities (collectively "the Facilities").

7. Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned, and operated the Facilities.

8. On or about November 24, 2025 Defendants filed with this Court voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

9. Plaintiff Alex Ruperto was an employee who was employed by Defendants, as a single employer, and worked at or reported to a facility located in Plymouth Meeting, PA (the "Plymouth Facility") until his termination without cause on or about August 24, 2025.

10. Plaintiff Tanisha Smith was an employee who was employed by Defendants, as a single employer, and worked at or reported to the St. Rose, LA (the "St. Rose Facility") until her termination without cause on or about August 24, 2025.

11. Plaintiffs and the Other Similarly Situated Employees were employed by Defendants as a single employer at the Facilities until their termination without cause on or about

August 24, 2025 and thereafter at which time Defendants ordered a mass layoff and/or plant closing of the Facilities.

12. Upon information and belief, approximately 500 persons were employed at the Facilities by Defendants until their termination without cause on or about August 24, 2025 and thereafter.

13. The Plaintiffs bring this action on their own behalf and, pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the Defendants who also worked at or reported to the Facilities, and who were terminated as part of or as the foreseeable result of a mass layoff and/or plant closing at the Facilities ordered by Defendants on or about August 24, 2025 and thereafter (collectively, "the Class").

14. On or about August 24, 2025 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiffs' employment together with the termination of all other employees who worked at or reported to the Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

15. Upon information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members in that among other things:

*Common Ownership*

(a) Upon information and belief, all Defendants are 100% owned either directly or indirectly by PosiGen PBC, LLC ("PosiGen PBC").

(b) Upon information and belief, PosiGen PBC operated and controlled all of the Defendants.

4

***Common Directors and Officers***

(c) Upon information and belief, at all relevant times, all Defendants other than PosiGen PBC did not have their own board of directors.

(d) Upon information and belief at all relevant times, all decisions for all of the Defendants were made by the Board of Directors of PosiGen PBC.

***Dependency of Operations***

(e) Upon information and belief, at all relevant times, at all relevant times, all Defendants were dependent on PosiGen PBC for its daily operating funds which were provided either directly by PosiGen PBC or through financing arranged by PosiGen PBC.

***Unity of Personnel Policies***

(f) Upon information and belief, at all relevant times all of the Defendants maintained common personnel policies which were put into place by PosiGen PBC.

(g) Upon information and belief, at all relevant times all of the Defendants' benefits plans, health insurance plans and 401(k) plans were implemented and carried out by PosiGen PBC.

(h) Upon information and belief, at all relevant times, all management-level personnel decisions relating to Defendants were made by PosiGen PBC.

(i) Upon information and belief, the decision to order a Mass Layoff or Mass Layoffs and/or a Plant Closing without providing a WARN notice was made by PosiGen PBC on behalf of the Defendants.

*De Facto Control*

(j) Upon information and belief, at all relevant times, PosiGen PBC maintained sole control over all critical business decisions made on behalf of the Defendants including decisions relating to Plaintiffs' and the Class's employment and, specifically, the decision to shut down the Facilities without providing WARN notice.

(k) Upon information and belief, at all relevant times, all management-level personnel hiring and firing at Posigen Developer, were conducted by Posigen, PBC

(l) Upon information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by Posigen, PBC on behalf of the Defendants, as a single employer.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

16. The Plaintiffs and each person they seek to represent herein, were discharged on or about August 24, 2025 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

17. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about August 24, 2025 and thereafter, who worked at or reported to the Facilities until their terminations.

18. On or about August 24, 2025 and thereafter, Defendants terminated the Plaintiffs' employment as part of a mass layoff and/or plant closing which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

19. Defendants as a single employer never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closing in violation of the WARN Act.

20. At or about the time that the Plaintiffs were discharged on or about August 24, 2025 and thereafter, Defendants discharged approximately 500 other employees at the Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

21. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

22. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

23. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on their part.

24. The Plaintiffs and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

25. Defendants were required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

26. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

27. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to

7

make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

26.     The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27.     The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

28.     Common questions of law and fact are applicable to all members of the Class.

29.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at or reported to the Facilities; Defendants as a single employer terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

30.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     The Plaintiffs' claims are typical of the claims of other members of the Class in that

for each of the several acts described above.

32. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

33. The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

34. The Class is so numerous as to render joinder of all members impracticable as there are approximately 500 persons who are included in the Class.

35. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

36. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

38. No litigation concerning the WARN Act rights of any Class member has been commenced in this Court.

39. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

40. On information and belief, the identities of the Class members are contained in the books and records of Defendants.

41. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

42. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

43. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

**FIRST CAUSE OF ACTION AND CLAIM FOR RELIEF**
**VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101, *et. seq.*.**

44. At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

45. At all relevant times, each Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a mass layoff

and/or plant closing at the Facilities.

46. On or about August 24, 2025 and thereafter the Defendants as a single employer ordered a "mass layoff" and/or "plant closing" at the Facilities, as that term is defined by the WARN Act.

47. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

48. The Plaintiffs and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the plant closing ordered by the Defendants at the Facilities.

49. The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

50. The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days' advance written notice of his or her termination.

51. The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

52. The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

53. The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days

from and after the dates of their respective terminations.

54. The relief sought in this proceeding is equitable in nature.

## VACATION CLAIM

55. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

56. During Plaintiffs' employment with Defendants, Defendants maintained a vacation pay policy whereby employees whose employment was terminated were entitled to pay for unused vacation time accrued to the effective date of termination.

57. Defendant was therefore obligated to pay Plaintiffs and the Class in full for their accrued but unused vacation time upon their terminations but failed to do so.

58. Plaintiffs and the Class Members are therefore entitled to payments for accrued but unused vacation time which was due and owing upon their terminations.

## COMMISION CLAIM

59. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

60. During Plaintiffs' employment with Defendants, Defendants maintained a commission pay policy whereby employees whose employment was terminated were entitled to commission pay to the effective date of termination.

61. Defendants were therefore obligated to pay Plaintiff in full for their commission pay upon their termination but failed to do so.

62. Plaintiffs and the Class Members are therefore entitled to payments for commission pay which was due and owing upon their terminations.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of each of the other Class members demand judgment, jointly and severally, against Defendant as follows:

    A.    An allowed priority claim pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $17,150 against Defendants in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A), with any remainder as a general unsecured claim;

    B.    A judgment against Defendants in favor of the Plaintiffs and the other Class members for the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

    C.    Certification that the Plaintiffs and the other Class members constitute a single class;

    D.    An amount equal to the sum of accrued but unpaid vacation and commission as of the termination date of Plaintiffs and the Class Members

    D.    Appointment of the undersigned attorneys as Class Counsel;

    E.    Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

   F. An allowed claim against Defendants for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

   G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

November 25, 2025

By: __/s/ Walker D. Moller__
Walker D. Moller
Siri | Glimstad
1005 Congress Avenue, Suite 925-C36
Austin, TX 78701
Direct: 717-967-5529
Texas Bar No. 24092851

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street
8th Floor
New York, NY 10007
O: (212) 581-5005

*Attorneys for Plaintiffs and the Proposed Class*