## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>POSIGEN, PBC, *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 25-90787 (CML)<br><br>(Jointly Administered) |
| ALEX RUPERTO and TANISHA SMITH on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>              v.<br><br>POSIGEN, PBC; POSIGEN, LLC; POSIGEN OPERATIONS, LLC; POSIGEN DEVELOPER, LLC; POSIGEN PROVIDER, LLC; POSIGEN HOLDINGS, LLC; POSIGEN RAMPART HOLDCO, LLC; POSIGEN RAMPART, LLC; POSIGEN OWNER 2, LLC AND POSIGEN OWNER 3, LLC,<br><br>              Defendants. | Adv. Proc. No.: 25-03833 (CML) |

## DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Defendants PosiGen, PBC; PosiGen, LLC; PosiGen Operations, LLC; PosiGen Developer, LLC; PosiGen Provider, LLC; PosiGen Holdings, LLC; PosiGen Rampart Holdco, LLC; PosiGen Rampart, LLC; PosiGen Owner 2, LLC; and PosiGen Owner 3, LLC (collectively, "**Defendants**"),

---

[1]    The last four digits of PosiGen, PBC's tax identification number are 9706.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/PosiGen/.  The Debtors' service address in these chapter 11 cases is 1000 Elmwood Park Boulevard, Suite A, Harahan, LA 70123.

by and through their undersigned counsel, hereby answer (this "**Answer**") the *Class Action Adversary Proceeding Complaint* [ECF No. 1] (the "**Complaint**") [2] filed by plaintiffs Alex Ruperto and Tanisha Smith (collectively, "**Plaintiffs**") as follows.  Unless expressly admitted, all allegations are denied.

## JURISDICTION AND VENUE

1.      The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and that venue is proper in this District.   Defendants do not contest venue for purposes of this adversary proceeding only.

2.      The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## NATURE OF THE ACTION

3.      The allegations consist of Plaintiffs' argument and characterization of the case, to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiffs were terminated.

4.      The allegations consist of Plaintiffs' argument and characterization of the case, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## PARTIES

5.      Admitted.

---

[2]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

6.      Defendants deny the allegations, except admit that certain of the referenced Facilities were operated by Defendants at various times.

7.      Denied.

8.      Admitted.

9.      Defendants deny the allegations, except admit that Plaintiff Alex Ruperto was employed by his employer at the Plymouth Facility until his termination on or about August 24, 2025.

10.     Defendants deny the allegations, except admit that Plaintiff Tanisha Smith was employed by her employer at the St. Rose Facility until her termination on or about August 24, 2025.

11.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiffs were terminated.

12.     Denied.

13.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

14.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiffs were terminated.

15.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Defendants are 100% owned either directly or indirectly by PosiGen, PBC; PosiGen, PBC had a board of directors; all Defendants other than PosiGen, PBC did not have their own board of directors; and only

3

PosiGen, PBC and PosiGen Developer, LLC maintained common personnel policies and provided common benefits plans, health insurance plans and 401(k) plans.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

16.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff Tanisha Smith and employees in Louisiana and Connecticut terminated on August 24, 2025 or within 30 days thereafter are "affected employees" as the term is defined in the WARN Act.

17.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

18.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiffs were terminated.

19.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

20.     Defendants deny the allegations, except admit that Defendants terminated 471 employees at the Facilities on or about August 24, 2025 and during the 90-day period thereafter.

21.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

22.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

23.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiffs and other employees were terminated.

4

24.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff Tanisha Smith and employees in Louisiana and Connecticut terminated on August 24, 2025 or within 30 days thereafter are "affected employees" as the term is defined in the WARN Act.

25.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

26.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

27.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)[3]

26.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

27.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

28.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

29.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

30.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

---

[3]     Paragraphs 26 and 27 occur twice in the Complaint.

31.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

32.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny them.

34.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

35.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

36.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny them.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny them.

39.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

40.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Defendants' books and records would contain the identities of terminated employees.

41.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Defendants' books and records would contain recent residence addresses of terminated employees.

42.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Defendants' books and records would contain the rates of pay and benefits of terminated employees.

43.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## FIRST CAUSE OF ACTION

44.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that certain Defendants employed 100 or more employees.

45.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that certain Defendants are "employers" as defined in the WARN Act.

46.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

47.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that certain of the Defendants' Facilities in Connecticut and Louisiana had "employment losses" as that term is defined by the WARN Act for at least fifty (50) of certain of Defendants' employees as well as 33% of certain of Defendants' workforce at the Facilities, excluding "part-time employees" as that term is defined by the WARN Act.

48.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiffs were terminated.

49.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff Tanisha Smith and employees in Louisiana and Connecticut terminated on August 24, 2025 or within 30 days thereafter are "affected employees" as the term is defined in the WARN Act.

50.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

51.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

52.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

53.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

54.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## **VACATION CLAIM**

55.     Defendants incorporate and restate their answers to each of the preceding paragraphs as if set forth fully herein.

56.     Defendants deny the allegations, except admit that certain of the Defendants maintained a vacation pay policy whereby certain employees whose employment was terminated were entitled to pay for unused vacation time accrued to the effective date of termination.  The

8

allegations characterize Defendants' vacation pay policy, to which Defendants respectfully refer the Court for their complete and accurate contents, and deny any allegations inconsistent therewith.

57.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

58.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## COMMISSION CLAIM

59.     Defendants incorporate and restate their answers to each of the preceding paragraphs as if set forth fully herein.

60.     Defendants deny the allegations, except admit that one of the Defendants maintained a commission pay policy whereby certain employees were eligible to receive commissions based on the terms of such commission pay policy.  The allegations characterize Defendants' commission pay policy, to which Defendants respectfully refer the Court for their complete and accurate contents, and deny any allegations inconsistent therewith.

61.     The allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

62.     The allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## ANSWER TO PRAYER FOR RELIEF

The prayer for relief states the relief Plaintiffs seek, to which no response is required.  To the extent that a response is required, Defendants deny any and all allegations contained in the prayer for relief, and deny that Plaintiffs are entitled to any of the relief sought.

## ADDITIONAL DEFENSES

63.     Without assuming the burden of proof or persuasion, and without waiving their right to assert any claims or defenses at such time and to such extent as discovery and factual developments establish a basis therefore, Defendants assert the defenses and affirmative defenses below with respect to the causes of action alleged in the Complaint.

64.     Defendants reserve the right: (a) to amend or supplement this Answer, their defenses and affirmative defenses, and all other pleadings; and (b) to assert (i) any and all additional defenses and affirmative defenses if discovery shows that such defenses would be appropriate, and (ii) any cross-claims, counterclaims, and third-party claims when and if they become appropriate in this case.

### FIRST ADDITIONAL DEFENSE

65.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

66.     Plaintiffs may have failed to reasonably mitigate their damages.

### THIRD ADDITIONAL DEFENSE

67.     Defendants were not required to provide earlier notice due to the applicability of the "faltering company" exception to the WARN Act.

### FOURTH ADDITIONAL DEFENSE

68.     Defendants were not required to provide earlier notice due to the applicability of the "unforeseeable business circumstances" exception to the WARN Act.

### FIFTH ADDITIONAL DEFENSE

69.     One or more of the Defendants was not an employer within the meaning set forth in the WARN Act.

## SIXTH ADDITIONAL DEFENSE

70.     The claims of Plaintiffs and the alleged members of the putative class are barred because the number of terminated employees at certain of the Facilities did not meet the minimum threshold to meet a "mass layoff" as defined in the WARN Act.

## SEVENTH ADDITIONAL DEFENSE

71.     The claims of Plaintiffs and the alleged members of the putative class are barred because the number of terminated employees at certain of the Facilities did not meet the minimum threshold to meet a "plant closing" as defined in the WARN Act.

## EIGHTH ADDITIONAL DEFENSE

72.     Any violation was in good faith and Defendants had reasonable grounds for believing that the act or omissions complained of were not a violation of the law.

## NINTH ADDITIONAL DEFENSE

73.     Any violation was in good faith and Defendants had reasonable grounds for believing that providing notice sooner would have precluded Defendants from obtaining capital and/or a suitor.

## TENTH ADDITIONAL DEFENSE

74.     Even if Defendants did not comply with the relevant statutory provisions, Defendants acted in good faith and had a reasonable basis to believe they were not violating the law.

## ELEVENTH ADDITIONAL DEFENSE

75.     One or more Defendants did not employ Plaintiffs and did not, and does not, employ any of the other alleged similarly situated individuals.

## TWELFTH ADDITIONAL DEFENSE

76.     Defendants are not a single employer.

## THIRTEENTH ADDITIONAL DEFENSE

77.     Plaintiffs and alleged members of the putative class are not "similarly situated" for purposes of a class, representative, or collective action, and Plaintiffs cannot satisfy the requirements for such actions.

## FOURTEENTH ADDITIONAL DEFENSE

78.     Any attempt by Plaintiffs to present claims on behalf of others in a "representative" capacity or without providing Defendants an opportunity to defend against individual claims would violate Defendants' rights to due process under the United States Constitution.

## FIFTEENTH ADDITIONAL DEFENSE

79.     Plaintiffs and/or the alleged members of the putative class are not entitled to recover to the extent all or part of their respective claims are barred by the *de minimis* doctrine.

## SIXTEENTH ADDITIONAL DEFENSE

80.     Plaintiffs' claim on behalf of themselves and other alleged similarly situated individuals is barred to the extent Plaintiffs and any other such individuals are bound by an agreement to arbitrate their claims.

## SEVENTEENTH ADDITIONAL DEFENSE

81.     Not all alleged members of the putative class are aggrieved employees.

## EIGHTEENTH ADDITIONAL DEFENSE

82.     Defendants were actively seeking capital and/or a suitor.

12

## NINETEENTH ADDITIONAL DEFENSE

83.     Defendants are entitled to a set-off for any payments made to or on behalf of the Plaintiffs by any collateral source.

## TWENTIETH ADDITIONAL DEFENSE

84.     The Complaint and the purported causes of action do not meet the requirements for certification of a class under Rule 23(a) and (b) of the Federal Rules of Civil Procedure or Rule 7023(a) and (b) of the Federal Rules of Bankruptcy Procedure.

## TWENTY-FIRST ADDITIONAL DEFENSE

85.     Plaintiffs lack standing to assert some or all of the claims of the putative class of persons that Plaintiffs purport to represent.

## TWENTY-SECOND ADDITIONAL DEFENSE

86.     In the event that a class, representative, or collective action is certified for trial, Defendants reserve the right to assert any and all other and further defenses against any individual member of any such class or collective.

## TWENTY-THIRD ADDITIONAL DEFENSE

87.     Defendants reserve the right to assert any and all other and further defenses that may become evident during discovery or other proceedings in this action.

*[Remainder of page left intentionally blank]*

January 12, 2026
Houston, Texas

/s/ *Charles R. Koster*

| | |
|---|---|
| **WHITE & CASE LLP**<br>Charles R. Koster (Texas Bar No. 24128278)<br>609 Main Street, Suite 2900<br>Houston, Texas 77002<br>Telephone:    (713) 496-9700<br>Email:          charles.koster@whitecase.com | **WHITE & CASE LLP**<br>Thomas E Lauria (Texas Bar No. 11998025)<br>Michael C. Shepherd (admitted *pro hac vice*)<br>Fan B. He (admitted *pro hac vice*)<br>Andrea Kropp (admitted *pro hac vice*)<br>Southeast Financial Center<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, Florida 33131<br>Telephone:    (305) 371-2700<br>Email:          tlauria@whitecase.com<br>                    mshepherd@whitecase.com<br>                    fhe@whitecase.com<br>                    andrea.kropp@whitecase.com |

- and -

- and -

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Email:          aaron.colodny@whitecase.com

**WHITE & CASE LLP**
Andrea Amulic (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Email:          andrea.amulic@whitecase.com

*Proposed Counsel to the Debtors and Debtors in Possession*

14

## **Certificate of Service**

The undersigned hereby certifies that on January 12, 2026, a true and correct copy of the *Defendants' Answer to Plaintiffs' Class Action Adversary Proceeding Complaint* was served on all parties entitled to notice via the Court's Electronic Case Filing System, which constitutes service on all registered CM/ECF users.

In addition, copies were served by electronic mail, in accordance with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas, upon the following parties and/or counsel of record:

M. Vance McCrary                                  Walker Drews Moller
Mary Elizabeth Olsen                              Siri Glimstad LLP
The Gardner Firm, P.C.                            1005 Congress Avenue
182 St. Francis St.                               Suite 925-C36
Mobile, AL 36602                                  Austin, TX 78701
vmccrary@thegardnerfirm.com                       wmoller@sirillp.com
molsen@thegardnerfirm.com

Stuart J. Miller
Lankenau & Miller, LLP
100 Church Street, 8th Floor
New York, NY 10007
stuart@lankmill.com

*Attorneys for Plaintiffs and the Proposed Class*

By: /s/ *Charles R. Koster*
    Charles R. Koster